IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATHAN FELTS,

    Plaintiff,

v.                                        No. 13-CV-1094 MCA/SCY

BOARD OF COUNTY COMMISSIONERS
OF VALENCIA COUNTY, and DEPUTY
SHERIFF DAVID HILL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the following motions: *Defendants' Motion in Limine to Exclude Evidence of "Pre-Shooting Conduct" and/or "Officer Created Jeopardy" Regarding this Incident* [Doc. 93] and *Defendants' Motion in Limine to Exclude the Report and Testimony of Plaintiff's Expert Mary C. Mabry as not Relevant in Light of the Exclusion of Evidence of "Pre-Shooting Conduct" and/or "Officer Created Jeopardy" Regarding this Incident* [Doc. 99]. The Court, having considered the submissions, the relevant law, and otherwise being fully advised in the premises, hereby **DENIES** both *Motions*.

*Motion in Limine to Exclude Evidence of "Pre-Shooting Conduct"* **[Doc. 93]**

Defendants argue that Plaintiff cannot rely on "pre-shooting conduct" or the theory that Officers Hill and Martin[1] recklessly created the situation that resulted in the

---

[1] This Court previously granted qualified immunity to Martin because, even if she could have "retained control over the situation; retreated herself and encouraged Hill to retreat;

1

deadly use of force [Doc. 93, pp. 2-3], relying on two recent United States Supreme Court decisions. Defendants first rely on the following language from *City and County of San Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765, 1777 (2015):

> Indeed, even if [the officers] misjudged the situation, [the Plaintiff] cannot "establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided." [*Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002), *abrogated by County of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 198 L. Ed. 2d 52 (2017).] Courts must not judge officers with "the 20/20 vision of hindsight.'" *Ibid.* (quoting *Graham*, 490 U. S., at 396).

[Doc. 93, p. 3] Defendants also rely on *County of Los Angeles, Calif. v. Mendez*, 137 S.Ct. 1539, 1547 (2017), which abrogated the Ninth Circuit's "provocation rule." Under the provocation rule, even when the actual use of force was reasonable, the plaintiff could rely on a second path to liability based on a prior, different Fourth Amendment violation. *Id.* The Court stated that the problem with the provocation rule is that it fails to apply the test set forth in *Graham v. Conner*, 490 U.S. 386 (1989), which requires that an "objective reasonableness analysis" which "must be conducted separately for each search or seizure that is alleged to be unconstitutional." *Mendez*, 137 S.Ct. at 1547.

Relying on these cases, "Defendants seek to exclude any and all evidence, documentary or testimonial, regarding the events that precede the encounter with Plaintiff

---

used her taser before Hill could discharge his weapon; informed Hill that she had had a prior encounter with Plaintiff and was successfully able to transport Plaintiff to a mental health facility; or otherwise ensured that Hill [defuse] instead of escalate the situation," Plaintiff failed to allege that Martin knew or should have known that Hill would shoot Plaintiff or had the opportunity to intervene to prevent the shooting. [Doc. 29, p. 13] Given this ruling, these purported failings on the part of Martin cannot be used to hold Hill liable. Thus, Plaintiff and his expert cannot rely on these purported "areas of failed standards" by Martin to establish that Hill's conduct was unreasonable.

which resulted in the shooting, which seeks to question the officers' judgment or to speculate that if only the officer had taken different actions, the shooting would not have occurred." [Doc. 93, pp. 2-3]

Defendants' request is not justified by *Sheehan* or *Mendez*. In *Mendez*, the Court stated, by footnote, that it was declining to address an argument on which it did not grant certiorari: whether, under *Graham's* totality of the circumstances test, the jury may "tak[e] into account unreasonable police conduct prior to the use of force that foreseeably created the need to use it." *Mendez*, 137 S.Ct. at 1547 n.*. This Court agrees with the analysis of Magistrate Judge Wormuth in *Johnson v. City of Roswell*, Civ. No. 15-1071 GBW/CG, 2017 WL 4083568, *7 n.5 (D.N.M. Sept. 13, 2017), that, "[g]iven the Supreme Court's explicit statement [in the *Mendez* footnote] that it was not addressing the broader relevance of pre-shooting conduct, the Tenth Circuit's precedents on the matter remain controlling." The controlling Tenth Circuit precedent, is that "[t]he reasonableness of Defendants' actions depends both on whether the officers were in danger at the precise moment that they used force and on whether Defendants' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force." *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699 (10th Cir. 1995). Given that Tenth Circuit law has not been overturned, the law as set forth by the Court in its *Memorandum Opinion and Order* of September 23, 2016 remains controlling and the Court will apply this law to the case. [Doc. 67]

The Court recognizes that, to the extent the Supreme Court is drawing a distinction between "unreasonable police conduct prior to the use of force that foreseeably created

3

the need to use [force]" in *Mendez*, 137 S.Ct. at 1547 n.*, and "bad tactics that result in a deadly confrontation that could have been avoided" in *Sheehan*, 135 S.Ct. at 1777 (internal quotation marks and citation omitted), this distinction is not well-defined. To the extent necessary, the Court harmonizes *Sheehan* and *Mendez* by recognizing a difference between "unreasonable police conduct," *Mendez*, which results in constitutionally unreasonable use of force under the totality of the circumstances, and "bad tactics," *Sheehan*, despite an otherwise reasonable use of force.[2]

The Court must allow evidence pertaining to the "totality of the circumstances." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted); *see also Tenorio v. Pitzer*, 802 F.3d 1160, 1164 (10th Cir. 2015), *cert. denied*, 136 S.Ct. 1657 ("The reasonableness of [an officer's] actions depends both on whether the officers were in danger at the precise moment that they used force and on whether [the officer's] own reckless or deliberate conduct during the seizure unreasonably created the need to use such force." (Internal quotation marks and citation omitted)); *Jiron v. City of Lakewood*, 392 F.3d 410, 415 (10th Cir. 2004) (stating that application of the totality of the circumstances test requires a consideration of whether the "officers' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force" (internal quotation marks and citation omitted)). Accordingly, this Court does not read

---

[2] It is important to note that this case is factually distinct from *Sheehan* and *Mendez* because, in both of those cases, a lower court had ruled that the actual use of force was reasonable, and the plaintiff was attempting to establish liability based on a separate purported constitutional violation or bad tactic. *Sheehan*, 135 S.Ct. at 1772; *Mendez*, 137 S.Ct. at 1545. In this case, the issue of whether the use of force was reasonable must be determined by the jury.

4

*Sheehan* or *Mendez* to preclude the jury from considering what the officers knew or should have known leading up to the moment of the use of force in deciding whether the use of force was reasonable under the totality of the circumstances. In this case, the jury must be aware of the pre-shooting conduct, under the totality of the circumstances test, in order to determine whether, at the moment of the shooting, the use of force was reasonable and whether Officer Hill had probable cause to believe that Plaintiff presented a threat of serious physical harm to Hill or another person. *See Tenorio*, 802 F.3d at 1161 (affirming denial of qualified immunity given factual dispute as to whether an officer had probable cause to believe that the plaintiff presented a threat of serious physical harm to the officer or another person).

***Motion in Limine to Exclude the Report and Testimony of Plaintiff's Expert* [Doc. 99]**

Again relying on the theory that *Mendez* and *Sheehan* preclude reference to pre-shooting conduct, Defendants move to exclude evidence by Plaintiff's expert because it relies on pre-shooting conduct. Defendants state that they seek to exclude evidence

> regarding the events that precede the encounter with Plaintiff which resulted in the shooting, which seeks to question the officers' judgment or to speculate that if only the officer had taken different actions, the shooting would not have occurred—and this includes the Report and testimony [of] Mary C. Mabry.

[Doc. 99, p. 3] For the reasons stated above, and consistent with the law set forth in the Court's *Memorandum Opinions and Orders* dated March 30, 2015 and September 23, 2016, Plaintiff will be allowed to submit evidence of the officers' conduct prior to the shooting for the purpose of establishing 1) whether, considering the totality of the circumstances, "when [Hill] shot [Plaintiff,] he did not have probable cause to believe

that [Plaintiff] presented a threat of serious physical harm to [Hill] or another person," *Tenorio*, 802 F.3d at 1161; and 2) whether, considering the totality of the circumstances, Hill's "own reckless or deliberate conduct during the seizure unreasonably created the need to use such force." *Jiron*, 392 F.3d at 415. Plaintiff will not, however, be allowed to introduce such evidence for the purpose of showing that bad tactics made an otherwise reasonable use of force unreasonable.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Court **HEREBY DENIES** *Defendants' Motion in Limine to Exclude Evidence of "Pre-Shooting Conduct" and/or "Officer Created Jeopardy" Regarding this Incident* [Doc. 93] and *Defendants' Motion in Limine to Exclude the Report and Testimony of Plaintiff's Expert Mary C. Mabry as not Relevant in Light of the Exclusion of Evidence of "Pre-Shooting Conduct" and/or "Officer Created Jeopardy" Regarding this Incident* [Doc. 99].

**SO ORDERED** this 6th day of October, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge